# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FREDERICK GARCIA-CRUZ, <br><br> Defendant. | Case No.: 96cr1908-MMA <br> *Related Case No.: 16cv1508-MMA* <br><br> **ORDER DENYING DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255** <br><br> [Doc. No. 110] |

On March 17, 1998, the Court sentenced Defendant Frederick Garcia-Cruz as a career offender to a term of 360 months imprisonment. *See* Doc. No. 74. Defendant appealed his conviction and sentence, alleging ineffective assistance of trial counsel. *See* Doc. No. 76. The United States Court of Appeals for the Ninth Circuit dismissed the appeal, indicating that Defendant's claims were not suitable for direct review. *See* Doc. No. 83. On April 13, 2000, Defendant, proceeding *pro se*, sought collateral review by filing a motion in this Court to vacate, set aside, or otherwise correct his sentence pursuant to 28 U.S.C. § 2255, raising six grounds for relief. *See* Doc. No. 90. On April 28, 2000, the Court denied Defendant's 2255 motion in all respects. *See* Doc. No. 106. Both this Court and the circuit court denied Defendant's request for a certificate of appealability. *See* Doc. Nos. 108, 109.

Defendant has filed a second or successive motion pursuant to Section 2255, proceeding through counsel, challenging his classification as a career offender under the United States Sentencing Guidelines in light of *Johnson v. United States*, 576 U.S. ---, 135 S. Ct. 2551 (2015). *See* Doc. No. 110. On January 24, 2017, the Ninth Circuit granted Defendant's application for authorization to file a second or successive 2255 motion, finding that Defendant made a prima facie showing for relief under *Johnson*. *See* Doc. No. 116 (citing *Welch v. United States*, 136 S. Ct. 1257, 1264-68 (2016) (*Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review)). The government filed a response to Defendant's motion, to which Defendant replied. *See* Doc. Nos. 117, 118. For the reasons set forth below, the Court **DENIES** Defendant's 2255 motion.

## BACKGROUND

On April 19, 1995, while incarcerated at the Metropolitan Correctional Center in San Diego, California, Defendant placed his cellmate in a headlock, threatened to break his neck, and forcibly sodomized him. *See* Doc. No. 106 at 3.[1] On June 6, 1997, a jury found Defendant guilty of one count of aggravated sexual abuse, in violation of 18 U.S.C. § 2241(a). *See* Doc. No. 47.

The Court sentenced Defendant in accordance with the Presentence Report and United States Sentencing Guidelines in effect at the time the offense occurred. *See* U.S.S.G. § 1B1.11(b)(1). At that time, the Sentencing Guidelines were mandatory. *See United States v. Booker*, 543 U.S. 220, 245 (2005) (rendering previously mandatory sentencing guidelines advisory). Based on the applicable Guidelines provisions, Defendant's conviction for aggravated sexual abuse established a Base Offense Level of 27. *See* U.S.S.G. § 2A3.1(a) (1995 Ed.). The offense level was increased to 29 because Defendant's victim was in the custody of the Bureau of Prisons at the time of the offense.

---

[1] Citations to documents in the record refer to the pagination assigned by the CM/ECF system.

*See id*. § 2A3.1(b)(3). With Defendant's criminal history category of VI, this established a Guidelines range of 151 to 188 months imprisonment. *See id*. § 5C1.1(f).

The Court next determined that Defendant qualified as a career offender, based on the instant conviction and his prior felony convictions for crimes of violence. *See id*. § 4B1.1. As such, the Court increased his offense level to 37. *See id.* With a criminal history category of VI, this established an enhanced Guidelines range of 360 months to life imprisonment. *See id*. § 5C1.1(f). The Court sentenced Defendant at the low end of the range to a term of 360 months imprisonment. *See* Doc. No. 74.

Defendant now moves to vacate and correct his sentence, arguing that after the Supreme Court's holding in *Johnson* the instant conviction no longer qualifies as a crime of violence under the residual clause of Section 4B1.2 of the Guidelines.[2] The government opposes Defendant's motion. The government argues, *inter alia*, that *Johnson*'s holding does not extend to the residual clause of the Guidelines, and even if it did, Defendant's conviction for aggravated sexual assault remains a crime of violence.

## DISCUSSION

### 1. Legal Standard

If a defendant in a federal criminal case collaterally challenges his conviction or sentence, he must do so pursuant to Title 28, section 2255. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). A court may grant relief to a defendant who challenges the imposition or length of his incarceration on the ground that: (1) the sentence was imposed

---

[2] The version of Section 4B1.2 in effect at the time of Defendant's sentencing provided as follows:

> The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that--(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(1) (1995 Ed.). The residual clause is italicized. Section 4B1.2 was amended in November 2016. The current version eliminated the residual clause in light of the Supreme Court's holding in *Johnson*.

3

in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).

A court may grant relief to a defendant on a second or successive 2255 motion only if the defendant shows: "1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).

The circuit court's determination that a defendant has made a prima facie showing for relief does not preclude the district court from ultimately denying a defendant's motion for failing to satisfy the statutory requirements for filing a second or successive motion.[3]  *See United States v. Villa-Gonzalez*, 208 F.3d 1160, 1164 (9th Cir. 2000). "[U]nder section 2244(b)(4), a district court must conduct a thorough review of all allegations and evidence presented by the prisoner to determine whether the motion meets the statutory requirements for the filing of a second or successive motion." *Id.* at 1165.  Section 2244(b)(4) provides that "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."  28 U.S.C. § 2244(b)(4).

*2. Analysis*

In this case, because his second or successive motion is not based upon newly discovered evidence, Defendant must demonstrate "that the claim relies on a new rule of

---

[3] The Court notes that the Ninth Circuit granted Defendant's application to file the instant motion several months prior to the Supreme Court issuing its ruling *Beckles v. United States*, 137 S.Ct. 886, 896 (2017).

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id*. § 2244(b)(2)(A); § 2255(h)(2). Defendant claims his conviction for aggravated sexual assault does not qualify as a predicate offense under the career offender provisions of the Guidelines in light of *Johnson*'s holding that the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), was void for vagueness, and *Welch*'s holding that *Johnson* applies retroactively to cases on collateral review. Defendant's claim superficially satisfies the requirements of Sections 2255(h)(2) and 2244(b)(4). *Johnson* announced a new rule of constitutional law and *Welch* explicitly made it retroactive to cases on collateral review. *Johnson*'s rule was previously unavailable to Defendant for use in his initial 2255 motion. Defendant has presented a sufficient legal basis for his claim, such that he has satisfied the statutory prerequisite for filing a second or successive motion. The Court turns to the merits of Defendant's claim.

In *Johnson*, the Supreme Court held the residual clause in the definition of a "violent felony" in the ACCA to be unconstitutionally vague and a violation of the Due Process Clause of the Fifth Amendment. 135 S. Ct. at 2557. Defendant's case is distinguishable because he was not sentenced under the ACCA's residual clause. As explained above, he was sentenced based on the career offender enhancement provision of the Sentencing Guidelines. Nonetheless, Defendant argues that *Johnson*'s holding is applicable, because the ACCA's residual clause is identical in language to Section 4B1.2's former residual clause.

On March 6, 2017, the Supreme Court ruled that *Johnson*'s holding does not extend to the Sentencing Guidelines, in so far as "the *advisory* Guidelines are not subject to vagueness challenges under the Due Process Clause." *Beckles v. United States*, 137 S.Ct. 886, 896 (2017) (emphasis added). However, once again, Defendant's case is distinguishable because he was sentenced prior to the Supreme Court's holding in *Booker*. At that time, the Sentencing Guidelines were still mandatory.

*Beckles* does not directly control Defendant's motion, but this fact offers Defendant no relief. Defendant contends that the Due Process Clause prohibits enhancing his mandatory Guidelines range pursuant to the former residual clause of Section 4B1.2, because that clause is void for vagueness. *Johnson* did not establish that rule, the Supreme Court expressly declined to extend *Johnson* to the advisory Guidelines, s*ee Beckles*, 137 S.Ct. at 896, and likewise declined to determine whether *Johnson* should be extended to the pre-*Booker* mandatory Guidelines, *see id*. at 903 n.4 (2017) (Sotomayor, J., concurring) ("That question is not presented by this case and I, like the majority, take no position on its appropriate resolution.").

The Court agrees with its sister courts who have determined that claims such as Defendant's do not involve "a mere application of *Johnson* but rather require[] a new rule extending *Johnson*." *Hirano v. United States*, No. 16-00686 ACK-KJM, 2017 U.S. Dist. LEXIS 94989, at *19 (D. Haw. June 20, 2017) (citing *United States v. Russo*, No. 8:03CR413, 2017 U.S. Dist. LEXIS 63875, 2017 WL 1533380, at *3 (D. Neb. Apr. 27, 2017) (quoting *Donnell v. United States*, 826 F.3d 1014, 1016 (8th Cir. 2016), which denied a § 2255 motion requiring an extension of *Johnson* to the advisory guidelines); *see also Hodges v. United States*, Case No. C 16-15621JLR, 2017 U.S. Dist. LEXIS 67694, 2017 WL 1652967, at *3 (W.D. Wash. May 2, 2017) (denying 2255 motion for career offender sentence given pursuant to the mandatory guidelines)); *see also United States v. Beraldo*, No. 3:03-cr-00511-AA, 2017 U.S. Dist. LEXIS 104050, at *4 (D. Or. July 5, 2017) ("The right asserted by defendant is the right not to be subjected to a sentence enhanced by a vague mandatory sentencing guideline. Particularly in view of the *Beckles* Court's statements about the differences between mandatory and advisory sentencing guidelines, that right is a logical *extension* of the right recognized in *Johnson*. But after *Beckles*, it is doubtful that right is the same right recognized in *Johnson*." (emphasis added)).

In sum, Defendant's claim arises out of an extension, not an application, of the rule announced in *Johnson*. The authority to extend *Johnson*'s rule in a manner that would

implicate cases on collateral review lies solely within the province of the Supreme Court. *See* 28 U.S.C. § 2255(h)(2) ("a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court"). As such, it is not for this Court to determine whether *Johnson* invalidates the residual clause of Section 4B1.2 of the Guidelines in effect at the time of Defendant's sentencing. Accordingly, the Court **DENIES** Defendant's motion.[4]

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A defendant must obtain a certificate of appealability before pursuing any appeal from a final order in a Section 2255 proceeding. *See* 28 U.S.C. § 2253(c)(1)(B). Because Defendant has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and because the Court finds that reasonable jurists would not debate the denial of Defendant's motion, the Court declines to issue a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000), superseded on other grounds by 28 U.S.C. § 2253(c)(2); *see also Mendez v. Knowles*, 556 F.3d 757, 771 (9th Cir. 2009).

### CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's 2255 motion. The Court **DECLINES** to issue a certificate of appealability. The Clerk of Court is instructed to enter judgment in accordance herewith and close the related civil case.

**IT IS SO ORDERED**.

DATE: July 31, 2017

_____
HON. MICHAEL M. ANELLO
United States District Judge

---

[4] The Court declines to hold an evidentiary hearing in this case because the motion and record conclusively demonstrate that Defendant is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (citing *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir.1980)).